IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNIE MERRILL and KIMBERLY MERRILL,  Plaintiffs,  v.  WAFFLE HOUSE, INC.,  Defendant. | Civil Action No. 3:04-CV-888-M |

**PLAINTIFFS' RESPONSE TO DEFENDANT
WAFFLE HOUSE, INC.'S MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Kimberly Merrill and Johnnie Merrill ("Plaintiffs") and file this Response to Waffle House, Inc.'s ("Waffle House") Motion to Compel, and would respectfully show the Court the following:

**I.**

Plaintiffs have indeed alleged that, among other things, being called "niggers" by an employee of the Euless Waffle House has caused them to "have suffered, continue to suffer, and will, in the future, suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish." Plaintiffs' Original Complaint at ¶33. Waffle House intends to impose the utmost intrusion into Plaintiffs' medical histories by allowing "Defendant access to [plaintiffs'] pertinent medical records."[1] Defendants'

---

[1] The Court need look no further than the requests themselves to see past Defendant's true intentions, which is to embarrassingly probe into Plaintiffs' privacy. The requests and interrogatories are not limited in scope or type of treatment. Defendant is asking for documents that may include treatment by a dermatologist or orthopedic surgeon. Certainly this type of treatment is irrelevant in accordance with the bounds of relevance set forth by Defendant. However, they make no attempt to temper or narrow these requests.

Brief in Support of Its Motion to Compel ("Brief") at 2. Waffle House argues that these "requests for information and documents regarding any medical treatment they have recently received are necessary to an adequate defense of Plaintiffs' claims." Brief at 6. Waffle House has provided the Court with a breadth of research regarding how some Courts outside of the Fifth Circuit handle these matters and asserted that "neither this Court, nor the Fifth Circuit Court of Appeals, appears to have ruled on this issue." Brief at 7. However, the Eastern District of Texas *has* ruled on this issue.

In *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376 (E.D. Tex. 1997), the Defendant in a Title VII and §1981 putative class action sought medical records for plaintiffs seeking mental anguish damages and moved to compel such production. *Id.* at 378. Contrary to Waffle House's argument – see Brief 7-9 – the *Burrell* Court found that "[a]sking for mental anguish damages does not place a plaintiff's physical or mental condition 'in controversy,' and it will not justify a medical or psychological examination." *Id.* at 380 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). The Court further found that the Fifth Circuit does not "require medical and/or psychological testimony" to support an award for emotional harm, but "*either* lay testimony or medical evidence corroborating a plaintiff's claim can support an award for emotional distress." *Id.* at 382 (citing *Patterson v. P.H.P. Healthcare*, 90 F.3d 927, 939-40 (5th Cir. 1996)) (emphasis in original); *see also Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 809 (5th Cir. 1996) (holding that corroborating evidence does not have to be medical testimony). Furthermore, the *Burrell* Court was also "aware of the tremendous potential for abuse that exists when a defendant has unfettered access to a plaintiff's medical records…[and] that potential is even greater where, as here, the plaintiffs' physical or mental conditions have not been placed in controversy." *Burrell*, 177 F.R.D. at 383. Because the Plaintiffs "are not going to

use medical records or medical testimony at trial in order to prove up the claims for mental anguish, then [there is] no reason why the records must be disclosed."[2] *Id.* at 384. Given the law of our Circuit[3], Waffle House's improper request for Plaintiffs' medical records should be denied.

Waffle House also seeks a Court order requiring Plaintiffs to produce a specific calculation of the actual damages they seek. Waffle House is correct that Rule 26(a)(1)(C) does not provide an exception for "non-economic" damages, but that does not entitle Waffle House to the relief sought in its Motion to Compel. Claims for compensatory damages like those sought by Plaintiffs are not amenable to computation. *See Slicker v. Jackson*, 215 F.3d 1225, 1230-31 (11th Cir. 2000) (the monetary value of compensatory damages is "difficult to calculate.") In fact, the *Burrell* Court clearly stated "that [compensatory] damages will be determined by the trier of fact as they relate to mental anguish or emotional harm" and denied defendant's motion to compel such a calculation. *Id.* at 386. Moreover, the Fifth Circuit has stated that "[t]he amount of compensatory damages…cannot be calculated by objective standards" in a discrimination lawsuit. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998).

---

[2] Because plaintiffs will not attempt to use medical expert testimony or medical records to prove their damages, the psychotherapist/patient privilege is not waived. *See Stevenson v. Bostitch, Inc.*, 201 F.R.D. 551, 557 (N.D. Ga. 2001) (finding that privilege is waived "only where something other than garden variety emotional distress has been alleged."); *Krocka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D. Ill. 2000) (privilege remains intact so long as plaintiff limits testimony to humiliation and embarrassment and not any psychological symptoms or conditions); *Santelli v. Electro Motive*, 188 F.R.D. 306, 308-09 (N.D. Ill 1999) (privilege not waived so long as plaintiff limited her testimony of emotional distress damage to common humiliation, and embarrassment); *Vanderbilt v. Town of Chilmark, et al.*, 174 F.R.D. 225, 228 (D. Mass. 1997) (a plaintiff does not waive the privilege unless she uses "the privileged communication as evidence herself before she waives the privilege.")

[3] Waffle House has ignored numerous instances where courts have refused to compel production of such information, all of which have been cited in briefing by plaintiffs in other cases being litigated by Waffle House. *See Ricks v. Abbott Labs.*, 198 F.R.D. 647, 649 (D. Md. 2001) (denying motion to compel because plaintiff "merely included emotional distress as an element of her damages."); *Ruhlman v. Ulster Cty. Dept. of Soc. Servs.*, 194 F.R.D. 445, 450 (N.D.N.Y. 2000) (stating that "a party does not put his or her emotional condition in issue by merely seeking incidental, 'garden variety,' emotional distress damages, without more."); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 218 n.2 (D.N.J. 2000) (same); *Brockerick v. Shad*, 117 F.R.D. 306, 309 (D.D.C. 1987) (denying defendant access to the plaintiff's medical records because the plaintiff has not sought or received medical treatment for any effects of the discrimination.)

Plaintiffs here do not seek any other type of compensatory damages, nor do they intend to ask the jury for a specific dollar amount of damages at trial. The jury will decide whether Plaintiffs are entitled to any damages and will ultimately decide what amount of damages, if any, will be awarded. Therefore, Waffle House's request for a calculation of compensatory damages for mental anguish or emotional harm should be denied.[4]

Plaintiffs are currently collecting documents responsive to Waffle House's request for credit card statements and receipts. Plaintiffs must request that other entities send them this information, and Plaintiffs cannot control how quickly these other parties respond and send them the requested information.

## II.

Each of Waffle House's Requests and Interrogatories are objectionable and unnecessary given the law of this Circuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court DENY Waffle House's Motion to Compel.

---

[4] The *Burrell* Court also denied Defendant's request for a calculation of punitive damages, finding that discovery on the issue of punitive damages was premature because it was prior to any arguments on class certification and at the beginning of discovery regarding liability. However, the Court propounded that "[p]unitive damages, if merited, are to be determined by the fact finder and are up to the discretion of the trier of fact." *Id.* at 386. Like compensatory damages for mental anguish, Plaintiffs do not intend to request a specific number for punitive damages and the trier of fact decides such issues. Therefore, Waffle House's motion to compel should be denied.

Respectfully submitted,

*[signature]*

Brian E. Robison
 Texas Bar No. 00794547
Scott R. Wiehle
 Texas Bar No. 24043991
John D. Thompson
 Texas Bar No. 24042034
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 999-7770

*ATTORNEYS FOR PLAINTIFFS JOHNNIE MERRILL AND KIMBERLY MERRILL*

Of Counsel:

Susan E. Huhta
Washington Lawyers' Committee
 for Civil Rights & Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Waffle House, Inc.'s Motion to Compel Discovery was served on all counsel of record on this 18th day of November, 2004.

> Tracy T. Barbaree (via facsimile and FedEx)
> Christopher A. McGraw
> Ashe, Rafuse & Hill, LLP
> 1355 Peachtree Street, N.E., Suite 500
> Atlanta, GA 30309-3232
>
> Mike Birrer (via Hand Delivery)
> Rebecca Kimmel
> Carrington, Coleman, Sloman & Blumenthal, LLP
> 200 Crescent Court, Suite 1500
> Dallas, TX 75201

_____
Scott R. Wiehle

891466_1.DOC